IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LANCER INSURANCE COMPANY ) | |
| *et al.* ) | Case No. 3:23-cv-00010 |
| ) | Judge Richardson |
| v. ) | Magistrate Judge Holmes |
| ) | |
| SHENJI LIU ) | |

**TO:** Honorable Eli J. Richardson, United States District Judge

## REPORT AND RECOMMENDATION

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Docket No. 17.)

Pending before the Court is Defendant/Counter-Plaintiff Shenji Liu's ("Defendant") motion to dismiss (Docket No. 49), to which Plaintiffs/Counter-Defendants Lancer Insurance Company and Lancer Management Company Inc. ("Plaintiffs") filed a response in opposition (Docket No. 51) and Defendant filed a reply in support (Docket No. 54)[1]. For the reasons discussed below, the undersigned respectfully recommends that Defendant's motion to dismiss (Docket No. 49) be **DENIED**.

---

[1] Defendant's reply was filed past the deadline. As a reminder, replies "may be filed within seven (7) days after service of the response" per Local Rule 7.01(a)(4). The reply was due on February 13, 2024, was postmarked on February 14, 2024, and was received by the Clerk's office on February 21, 2024. Although the reply was not timely filed, the Court will consider the arguments within the reply to the extent they are material, though the arguments seem to be largely repetitive of those in the motion.

## I. BACKGROUND

**A. Factual History**[2]

Plaintiffs, collectively, are an insurance company that issued a commercial auto policy (the "Policy") to Defendant. (Docket No. 1 at ¶¶ 5, 10.) Defendant operates a "motor carrier business" under the name Stone Buddha Transport. (*Id.* at ¶ 11.) Defendant paid certain premiums under the Policy for liability coverage, uninsured motorists coverage, cargo coverage, physical damage comprehensive coverage, and physical damage collision coverage. (*Id.* at ¶ 12.) Defendant listed eight autos within the Policy, including a truck with VIN number 1XKYDP9X3EJ389593 (the "Truck"). (*Id.* at ¶ 13.)

On June 9, 2019, Defendant reported a loss to Plaintiffs involving damages that the Truck sustained from an accident in California. (*Id.* at ¶ 16.) Plaintiffs opened a claim and began to investigate the reported loss. (*Id.* at ¶ 17.) An appraiser provided an opinion to Plaintiffs regarding the Truck, including that it was underinsured. (*Id.* at ¶¶ 18–19.) Plaintiffs determined the Truck was a total loss and paid Defendant $16,875.00 under the physical damage coverage limits, which included the total coverage limit minus Defendant's deductible and the salvage amount of the Truck. (*Id.* at ¶¶ 20–21.)

On July 25, 2019, Defendant filed a complaint with the Tennessee Department of Insurance regarding Plaintiffs. (*Id.* at ¶ 22.) On November 4, 2019, Defendant wrote to Plaintiffs asserting that Plaintiffs owed Defendant the total coverage limit, or $65,000.00, pursuant to the Policy's uninsured/underinsured coverage ("UM/UIM"). (*Id.* at ¶ 23.) The Policy required Defendant to satisfy conditions precedent before the UM/UIM coverage was triggered, but Defendant did not

---

[2] These facts are taken from Plaintiffs' complaint and, as discussed in more detail below, are accepted as true or construed most favorably to Plaintiffs.

2

provide any such information. (*Id.* at ¶¶ 24–25.) On November 26, 2019, Plaintiffs offered to pay Defendant two different amounts under the UM coverage depending on whether he elected to retain the Truck as salvage, but Defendant did not respond. (*Id.* at ¶ 26.) Plaintiffs also offered to pay Defendant the entire UM/UIM coverage of $65,000.00, but Defendant rejected that offer. (*Id.* at ¶ 27.) On June 8, 2020, Defendant filed a lawsuit in California state court (the "California Lawsuit") alleging that Plaintiffs failed to pay under the Policy. (*Id.* at ¶ 28.)

On May 18, 2021, Plaintiff paid Defendant $48,125.00, which included the full limits of the Defendant's UM/UIM coverage minus the prior $16,875.00 payment for the Physical Damage coverage, and which equaled the full limits of insurance under the UM/UIM coverage. (*Id.* at ¶¶ 31–32.) However, Defendant claimed he is owed damages in the amount of $3,695,892.77, which is comprised of lost profits due to the loss of use of the Truck ($979,714.92), a "void face value" ($1,481,000.00), increased policy premiums from wrongful cancellation ($198,516.92), the ACV payment for the Truck ($126,661.85), "grand theft" ($10,000.00), and punitive damages ($1,000,000.00). (*Id.* at ¶ 33.)

The Policy includes an endorsement under the "Physical Damage Coverage" section that states that the most Plaintiffs will pay for any "loss" in one "accident" is the lesser of:

    a.    the amount shown as the stated amount in the Schedule or in the Declarations;

    b.    The actual cash value of the damaged or stolen property as of the time of the "loss"; or

    c.    the cost of "repairing" or replacing the damaged or stolen property with other of like kind and quality.

    d.    However, if the stated amount is less than 80% of the actual cash value at the time of the "loss", the most we will pay for "loss" is the smaller of the following amounts:
        1)    the share of the "loss" that the stated amount bears to 80% of the actual cash value of the property at the time of "loss";

> 2) the actual cash value of the damaged or stolen property at the time of "loss", or
> 3) the stated amount shown in the Declarations.

(*Id.* at ¶ 34.) The stated amount in the Declarations for the Truck was $30,000.00. (*Id.* at ¶ 35.)

The Policy also includes a "Deluxe Coverage Endorsement," which provides additional coverage for "downtime loss" the insured sustains "up to a combined maximum of $100 per day for a maximum of 30 days during the policy period" subject to certain conditions. (*Id.* at ¶ 41.) On November 26, 2019, Plaintiffs attempted to tender to Defendant $3,000.00, which Plaintiffs assert is the most they would owe under the "Deluxe Coverage Endorsement," but Defendant did not respond. (*Id.* at ¶¶ 41–42.)

On June 28, 2019, Plaintiffs issued a notice of cancellation of the Policy for a cancellation effective August 3, 2019. (*Id.* at ¶ 47.) On January 9, 2023, Plaintiffs filed this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 and Tenn. Code Ann. § 29-14-101 *et. seq.* and seek a judgment holding as follows:

> a. [Plaintiffs have] no obligation under the Policy to provide any more compensation to the Defendant than has already been provided under the Physical Damage coverage;
>
> b. [Plaintiffs have] no obligation under the Policy to provide any more compensation to the Defendant than has already been provided under the UM/UIM coverage;
>
> c. [Plaintiffs have] no obligation under the Policy to provide any more compensation to the Defendant than has already been provided under any coverage form or endorsement or any other provision of the Policy;
>
> d. [Plaintiffs'] cancellation of the Policy was in full compliance with Tennessee law;
>
> e. Tennessee law applies to the Policy; and
>
> f. The Defendant is not entitled to any further compensation under the Policy.

(*Id.* at ¶ 55.)

B.  **Procedural History**

In response to Plaintiffs' declaratory judgment action asserting that Plaintiffs have paid or offered to pay the full amount that Defendant is obligated to be paid under the Policy and seeking a declaration of their rights and obligations under the Policy, Defendant filed a *pro se* answer and counterclaim. (Docket No. 14.)

In his counterclaim, Defendant alleges wrongdoing by Plaintiffs, including that Plaintiffs overestimated the cost to repair the truck involved in the accident; underestimated the actual cash value of the truck; refused to pay Defendant the actual cash value of the truck; took ownership of and sold the truck without Defendant's permission; unreasonably delayed settlement of the claim and withheld information from Defendant; and failed to pursue a claim against the insurance carrier of the driver of the other vehicle involved in the accident. (*Id.* at 7–8.) Defendant does not set out clearly defined legal claims but refers throughout the counterclaim to Plaintiffs having committed various acts of breach of contract, bad faith, deceptive and fraudulent practices, unfair settlement practices, and fraud. (*Id.*) Defendant also asserts that Plaintiffs "behaved so badly due to defendant's race, and plaintiff may have committed race-based discrimination and a hate crime." (*Id.* at 8.) Plaintiffs answered Defendant's counterclaim and largely denied Defendant's allegations. (Docket No. 24.)

During this litigation, both parties have filed several motions. Defendant has moved to add parties to his counterclaims (Docket No. 20), to amend his counterclaims (Docket No. 32; Docket No. 48), to compel Plaintiffs to respond to discovery requests (Docket No. 39), to subpoena witnesses related to discovery (Docket No. 40), and to "incorporate allegations and schedule hearing for discovery completion" (Docket No. 41). Plaintiffs have moved for a protective order

5

against discovery propounded by Defendant (Docket No. 27) and to compel Defendant to respond to discovery requests (Docket No. 28).

On January 26, 2024, the Clerk of Court received and docketed Defendant's instant motion to dismiss. (Docket No. 49.) Plaintiffs filed a timely response in opposition. (Docket No. 51.)

II.     LEGAL ANALYSIS

In his motion, Defendant asks the Court to dismiss Plaintiffs' claim for declaratory judgment. Defendant does not clarify if he is seeking dismissal under Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure and fails to provide any applicable case law. The Court presumes that this motion is made under Rule 12(b)(6) because Defendant titled the motion as one "to dismiss" and is not made under Rule 56 because Defendant did not title it as one "for summary judgment."[3]

The Court notes initially that a Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, Defendant filed his answer to the complaint on May 8, 2023, or more than eight months prior to filing the instant motion to dismiss. (Docket No. 14.) Although it is true that a defendant may preserve a Rule 12(b) defense by

---

[3] Many of the arguments that Defendant makes in his motion to dismiss and his reply appear to be better suited for a motion for summary judgment under Rule 56 of the Rules of Civil Procedure. For example, Defendant argues that Plaintiffs have failed to set forth any evidence to show that they have fulfilled their obligations under the applicable Policy. (Docket No. 49 at 2; Docket No. 54 at 2.) This argument has little bearing on the legal sufficiency of Plaintiffs' declaratory judgment claim, but may be relevant to an argument that "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment [on Plaintiffs' claim] as a matter of law."

The Court reminds Defendant that the deadline to file a motion for summary judgment is April 16, 2024. (Docket No. 38 at ¶ 3.) The Court encourages Defendant to familiarize himself with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01. The Court also encourages Defendant to review the provisions for dispositive (or summary judgment) motions set forth in the Scheduling Order. (Docket No. 16 at 3–4.)

including any such affirmative defense in an answer, *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012), Defendant did not include any such defenses in his answer. (*Id.*) A failure to include such defenses generally forfeits any right to move for dismissal pursuant to Rule 12(b)(6). *See Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003) ("A motion to dismiss under Rule 12(b)(6) requires the moving party to request judgment in a pre-answer motion or in an answer."). Accordingly, the Court finds that Defendant's motion to dismiss is not timely and should be denied on that basis.

Despite the untimeliness of Defendant's motion, the Court will address the merits of Defendant's arguments in the motion, such as they are. A motion requesting dismissal under Rule 12(b)(6) asks the Court to test the legal sufficiency of the allegations made in the complaint. When presented with a motion to dismiss under Rule 12(b)(6), the Court does not assess the veracity of disputed facts, but whether the facts as alleged in the complaint "establish a cognizable theory of relief." *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D. Mich. 2009).

Generally, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6). *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). When reviewing a motion made under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951–52 (6th Cir. 2018) (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)) (cleaned up). Matters outside the pleadings are generally not considered in connection with a Rule 12(b)(6) motion to dismiss. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citation omitted).

In support of his motion, Defendant makes arguments under seven broad categories. However, none offer convincing reasons to dismiss Plaintiffs' claims under Rule 12(b)(6).

First, Defendant references Plaintiffs' actions in the California Lawsuit. (Docket No. 49 at 1.) Defendant states that Plaintiffs "failed to address" and "should answer" the claims in the California Lawsuit. However, Defendant simply makes these conclusory statements and does not provide any authority, or really even any semblance of an argument, to support that, even if Plaintiffs did fail to address certain claims in a separate action in California, such failure would necessitate dismissal of Plaintiffs' claims in this matter under Rule 12(b)(6).

Second, Defendant states that Plaintiffs have "no intention to solve the obligation dispute." (*Id.* at 2.) Defendant appears to be arguing that Plaintiffs' complaint should be dismissed because Plaintiffs failed to respond to the 113 interrogatories that Defendant served[4] and because Plaintiffs denied two requests for admission. However, Defendant provides no substantive argument or legal authority to support this position. The Court sees no reason why Plaintiffs' responses to discovery requests would render Plaintiffs' allegations in its complaint insufficient for purposes of Rule 12(b)(6). In addition, Defendant argues that Plaintiffs filed two motions to dismiss that were "supported by false evidence." (*Id.*) However, Plaintiffs withdrew their one and only motion to dismiss in this case (Docket No. 23), so any arguments or statements made by Plaintiffs within that withdrawn motion are irrelevant to determining the instant motion to dismiss. Finally, the fact that Plaintiffs' counsel are not parties to this litigation is irrelevant. Defendant provides no

---

[4] As detailed in the Court's prior order, Defendant served Plaintiffs with 113 interrogatories, but because Defendant had not sought leave to serve additional interrogatories beyond the 25 permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure or established a particularized need for serving additional interrogatories, the Court found that Defendant's Interrogatories Nos. 26 to 113 should be stricken. (Docket No. 42 at 6.) However, the Court permitted Defendant to propound a new set of 25 interrogatories to replace the set of 113 interrogatories that Defendant previously sent to Plaintiffs. (*Id.* at 15.)

authority to support his statement that counsel's "role as non-party has voided all claims and motions they filed," and the Court finds no merit in this "argument".[5] (Docket No. 49 at 2.)

Third, Defendant argues that Plaintiffs' claim that it "has paid to the limit of the policy" is "not supported by the facts." (*Id.*) Defendant includes statements regarding an insurance company's duty of good faith and fair dealing but fails to cite to any legal authorities that support these statements. Defendant then alleges that Plaintiffs have "no intention" of providing evidence that they fulfilled their requisite duties. (*Id.*) Defendant bases this argument on the alleged fact that, in Plaintiffs' response to Defendant's counterclaims, Plaintiffs "admitted that the illegal note on the check violates the unfair settlement practice act." (*Id.*) Defendant does not provide a citation to this admission. However, even if this alleged admission were true, Defendant does not provide any legal authority to show how such an admission would render Plaintiffs' claims subject to dismissal under Rule 12(b)(6). In short, this portion of Defendant's motion is rife with conclusory statements that have no factual or legal support.

Fourth, Defendant argues that Plaintiffs' responses to certain requests for admission have "nullified" Plaintiffs' claim for a declaratory judgment. (*Id.* at 3.) Defendant believes that Plaintiffs have failed to pay him per the applicable insurance policy and per state law, and he states that "neither physical damage nor UM/UIM has been paid to the coverage limit." (*Id.*) However, Defendant provides no legal authority to show that such a failure would necessitate dismissal of Plaintiffs' declaratory judgment claim under Rule 12(b)(6). In this section, like in most others, Defendant focuses on matters outside of the pleadings rather than on the assertions that Plaintiffs make in their complaint. As set forth above, matters outside of the pleadings – like responses to

---

[5] The Court hesitate to even describe this absurd statement as an argument.

discovery requests – are generally not considered in connection with a motion to dismiss under Rule 12(b)(6). *See Rondingo, LLC*, 641 F.3d at 680.

Fifth, Defendant asserts that Plaintiffs have additional liability under the applicable insurance policy because Plaintiffs have allegedly intentionally delayed payments to Defendant. (*Id.*) This argument has no bearing on whether Plaintiffs made a legally sufficient claim for declaratory relief such that their claim should be dismissed under Rule 12(b)(6).

Sixth, Defendant focuses on this lawsuit's relationship to the California Lawsuit. (*Id.* at 4.) The Court is unable to discern how Defendant's arguments regarding the California Lawsuit impact whether Plaintiffs' claim for declaratory judgment in this action is legally sufficient. Defendant offers no legal authority to show that Plaintiffs' claim must be dismissed or that Plaintiffs' lawsuit may not proceed in this Court because the California Lawsuit exists. Again, Defendant points to Plaintiffs' responses to discovery as support for this position, but these are matters outside of the pleadings that will not be considered. *See Rondingo, LLC*, 641 F.3d at 680. Further, to the extent that Defendant is asking the Court to stay this matter while his "motion to reopen" the proceedings in the California Lawsuit is pending, the Court denies such a request. Defendant has failed to address how a stay would best serve the interests of the parties or judicial economy.

Seventh, Defendant alleges that Plaintiffs have failed to "defend[] against" allegations that they committed fraud, "refused to refund," "committed theft," "falsified a salvage," and mishandled the loss. (*Id.* at 4–5.) This argument concerns either the strength of Defendant's counterclaims or his claims in the California Lawsuit (the Court is unable discern to which Defendant references are directed) and does not concern the legal sufficiency of Plaintiffs' claim

10

for declaratory judgement in this lawsuit. Accordingly, these arguments are irrelevant to Defendant's request to dismiss Plaintiff's claim under Rule 12(b)(6).[6]

In his conclusion, Defendant asks the Court to find that "California is the jurisdiction to process [Plaintiff's] previous fraud" and that "the lawsuit in California should reopen." (Docket No. 49 at 5.) Defendant presents the Court with no authority that would authorize it to make either of these findings. As the Court has stated in numerous other orders, to the extent Defendant is requesting that this matter be transferred to another district, Defendant has not met the substantial burden set forth under 28 U.S.C. § 1404(a). Accordingly, this final request from Defendant should also be denied.

As detailed above, Defendant fails to make any material argument that Plaintiffs' complaint is procedurally deficient or otherwise fails to plead a claim for relief. For these reasons, Defendant's motion for dismissal under Rule 12(b)(6) must be denied.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (Docket No. 49) be **DENIED**.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written

---

[6] In his reply, Defendant states that he can "decide to stay his counterclaims." (Docket No. 54 at 4.) This is incorrect. Defendant may not decide to stay his counterclaims unless he requests a stay from the Court and the Court grants a stay. Defendant may choose to dismiss his counterclaims, but Defendant must diligently pursue his counterclaims while they are still part of this action. Defendant is cautioned that should he fail to diligently pursue his counterclaims, they are subject to dismissal.

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge