IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LANCER INSURANCE COMPANY *et al.* | Case No. 3:23-cv-00010 |
| v. | Judge Richardson |
| SHENJI LIU | Magistrate Judge Holmes |

TO: Honorable Eli J. Richardson, United States District Judge

### REPORT AND RECOMMENDATION

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Docket No. 17.)

Pending before the Court are two motions to dismiss, one filed by Defendant/Counter-Plaintiff Shenji Liu ("Defendant") and one filed by which Plaintiffs/Counter-Defendants Lancer Insurance Company and Lancer Management Company Inc. ("Plaintiffs"):

1. Defendant's motion to stay or dismiss under Rule 12(b)(6) (Docket No. 58), to which Plaintiffs filed a response in opposition (Docket No. 63); and

2. Plaintiffs' motion to dismiss counterclaims under Rule 37(b)(2)(A) or Rule 41(b) (Docket No. 59), to which Defendant filed a response in opposition (Docket No. 65) and Plaintiffs filed a reply in support (Docket No. 68).

For the reasons discussed below, the undersigned respectfully recommends that Defendant's motion to stay or dismiss (Docket No. 58) be **DENIED**, and that Plaintiffs' motion to dismiss counterclaims (Docket No. 59) be **GRANTED**.

# I. BACKGROUND

Plaintiffs, collectively[1], are an insurance company that issued a commercial auto policy (the "Policy") to Defendant, who operates a trucking and transport business under the name Stone Buddha Transport. In June 2019, one of Defendant's trucks sustained damage in an accident in California that was caused by the driver of another vehicle. Defendant made a claim upon the Policy but was not satisfied with either the processing of his claim or the amount tendered to him as payment. Defendant thereafter filed a lawsuit in California state court wherein he brought claims against Plaintiffs for negligence, breach of contract, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. (Docket No. 1-3.)

Plaintiffs then filed this declaratory judgment action asserting that they have paid or offered to pay the full amount that is obligated to be paid under the Policy and seeking a declaration of their rights and obligations under the Policy. (Docket No. 1.) In response, Defendant filed a *pro se* answer and counterclaim, in which he alleges wrongdoing by Plaintiffs, including that Plaintiffs overestimated the cost to repair the truck involved in the accident; underestimated the actual cash value of the truck; refused to pay Defendant the actual cash value of the truck; took ownership of and sold the truck without Defendant's permission; unreasonably delayed settlement of the claim and withheld information from Defendant; and failed to pursue a claim against the insurance carrier of the driver of the other vehicle involved in the accident. (Docket No. 14 at 7–8.) Defendant fails to set out clearly defined legal claims but asserts throughout the counterclaim that Plaintiffs committed various acts of breach of contract, bad faith, deceptive and fraudulent practices, unfair settlement practices, and fraud. (*Id.*) Defendant also asserts that Plaintiffs "behaved so badly due

---

[1] Because Plaintiffs are referred to collectively in their complaint (Docket No. 1 at 1), the Court uses that same reference.

to defendant's race, and plaintiff may have committed race-based discrimination and a hate crime." (*Id.* at 8.) Plaintiffs answered Defendant's counterclaim and largely denied Defendant's allegations. (Docket No. 24.)

## II. LEGAL ANALYSIS

### A. Defendant's Motion to Stay or Dismiss (Docket No. 58)

In his motion, Defendant asks the Court to "dismiss or stay the plaintiff's claim under Rule 12(b)(6)." (Docket No. 58 at 1.) Defendant makes four overarching arguments: (1) Defendant is willing to add affirmative defenses; (2) Plaintiffs "failed to establish a cognizable claim or controversy"; (3) Plaintiffs "presented dispositive facts under a cognizable legal theory"; and (4) Plaintiffs did not allege all the elements of "a cause of action." (*Id.* at 4–7.) The Court finds that these arguments are insufficient to support the stay or dismissal of Plaintiffs' claims for many of the same reasons that it recommended that Defendant's earlier motion to dismiss (Docket No. 49) be denied.

As an initial matter, the instant motion to dismiss is not timely. As the Court stated in its earlier Report and Recommendation (Docket No. 56), a Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, Defendant filed his answer to the complaint on May 8, 2023, or more than ten months prior to filing the instant motion to dismiss. (Docket No. 14.) Although Defendant states that he "is willing" to add affirmative defenses (presumably to his answer), no such affirmative defenses are presently within Defendant's answer.[2] Accordingly, Defendant forfeited his right to move for dismissal pursuant

---

[2] Defendant has not moved to amend his answer to include any such affirmative defenses. The Court reminds Defendant that the deadline "to move to amend the pleadings or to add parties" – which would include amending Defendant's answer – was August 15, 2023. (Docket No. 16 at 2.) That deadline has passed. As the Court has detailed in prior orders (Docket Nos. 37, 55),

to Rule 12(b)(6). *See Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003) ("A motion to dismiss under Rule 12(b)(6) requires the moving party to request judgment in a pre-answer motion or in an answer."). Further, Defendant does not specify which affirmative defenses he "is willing" to add, but instead lists eleven categories of information for which he "requests evidence." (Docket No. 58 at 4–5.) The Court is unclear how these requests for evidence relate to Defendant's purported willingness to add affirmative defenses. For these reasons, the Court finds that Defendant's most recent motion to dismiss is also not timely and should be denied on that basis.

In addition to being untimely, Defendant fails to present convincing arguments to support his request to dismiss Plaintiffs' claims. Defendant argues that Plaintiffs "failed to establish a cognizable claim or controversy." (*Id.* at 5–6.) He contends that Plaintiffs' claim under the Declaratory Judgment Action is a request to "support their previous misconducts" rather than to obtain a declaration of their rights and liabilities before proceeding with a course of conduct. (*Id.* at 5–6.) Defendant offers no support for this contention. Instead, he provides legal conclusions that are taken without attribution from a law firm website and that are supported by case law from the Seventh Circuit.[3] (*Id.*) Accordingly, the Court cannot find that Plaintiffs "failed to establish a cognizable claim or controversy."

Once again, many of the arguments that Defendant makes in his motion to dismiss appear to be better suited for a motion for summary judgment under Rule 56 of the Rules of Civil

---

Defendant has failed to demonstrate that there is "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure to make amendments to any pleadings after the expiration of the deadline.

[3] As Plaintiffs point out, Defendant has taken portions of an article from the website of an insurance litigation law firm and included that text in his motion without noting the source material. The Court cautions Defendant that he should provide proper citations to support his legal arguments.

Procedure.[4] When evaluating a motion to dismiss under Rule 12(b)(6), the Court does not assess the veracity of disputed facts. *See Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D. Mich. 2009). Instead, the Court examines whether the facts as alleged in the complaint "establish a cognizable theory of relief." *Id.* In his motion, Defendant makes arguments regarding the former and not the latter. In other words, Defendant tells the Court why he should win on the merits of the claims when he should be telling the Court why Plaintiffs claims are legally insufficient. For example, Defendant's argument that Plaintiffs "presented dispositive facts under a cognizable legal theory" focuses on whether Plaintiffs acted in good faith and relies on alleged actions undertaken by Plaintiffs. (*Id.* at 6–7.) Accordingly, this section of the motion does not show that Plaintiffs' claims fail as a matter of law under Rule 12(b)(6).

Finally, Defendant argues that Plaintiffs did not "allege all of the elements of a cause of action" but he focuses on the wrong cause of action. (*Id.* at 7.) Defendant recites the elements for a negligence claim ("legal duty," "breach of duty," "causation," "damages"), but Plaintiffs have not asserted that Defendant has been negligent. (*Id.*) Instead, Plaintiffs have asserted that a declaratory judgment is appropriate pursuant to 28 U.S.C. § 2201 and Tenn. Code Ann. § 29-14-101 *et seq.* (Docket No. 1 at ¶ 55.) Accordingly, Defendant's arguments that Plaintiffs have not asserted the essential elements of a negligence claim are meritless because those elements are irrelevant to the claim at issue in this litigation.

In sum, Defendant fails to make any material arguments that Plaintiffs' complaint is procedurally deficient or otherwise fails to plead a claim for relief. Accordingly, denial of the motion for dismissal under Rule 12(b)(6) is warranted.

---

[4] Defendant filed a motion for summary judgment on March 22, 2024 (Docket No. 62), which the Court will address in a separate Report and Recommendation.

B.  **Plaintiffs' Motion to Dismiss Counterclaims (Docket No. 59)**

Plaintiffs move to dismiss Defendant's counterclaims under Rule 37(b)(2)(A) or Rule 41(b). In short, Plaintiffs argue that Defendant has failed to provide "complete and substantive answers" to their discovery requests, despite this Court's order directing Defendant to do so.

With respect to the relevant discovery, Plaintiffs served discovery requests on Defendant on September 20, 2023, to "ascertain the basis" for Defendant's counterclaims. (Docket No. 29-1.) Defendant responded to the requests on October 17, 2023, but provided inadequate responses and no documents. (Docket No. 29-2.) After making attempts to resolve the discovery issues extra-judicially, Plaintiffs filed a motion to compel on November 14, 2023. (Docket No. 29.) The Court granted Plaintiffs' motion to compel on January 11, 2024 and ordered as follows:

> a. Defendant must, **within 28 days of the entry of this Order**, revise his responses to Plaintiffs' Interrogatories Nos. 1–3, 5–8, 10, 13, and 15–22 to provide complete and substantive answers to these interrogatories
>
> b. Defendant must, **within 28 days of the entry of this Order**, revise his responses to Plaintiffs' Requests for Production Nos. 1–21 to provide complete and substantive answers to these requests for production, which includes clarifying whether Defendant is withholding any responsive documents and, if so, what responsive documents are being withheld.
>
> c. Defendant must, **within 28 days of the entry of this Order**, produce documents in response to Plaintiffs' Requests for Production Nos. 1 to 21.

(Docket No. 42 at 16.) In other words, Defendant was ordered to revise his responses and produce documents by February 8, 2024. However, the Court declined to award attorney's fees to Plaintiffs, but reminded Defendant of his obligation to comply with the Court's orders:

> However, the Court reminds and warns Defendant that, should Defendant continue to fail to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Court's orders, **Defendant may be subject to sanctions, including but not limited to . . . the dismissal of Defendant's counterclaims with prejudice**. With this warning in mind, the Court finds that, under the circumstances, an award of expenses at this juncture would be unjust.

(*Id.* at 15 (emphasis added).) Despite the Court's clear orders and warning regarding compliance, Plaintiffs assert that Defendant has failed to take any actions to comply with the Court's order.

Accordingly, Plaintiffs now seek the dismissal of Defendant's counterclaims under Rule 37(b)(2)(A) or Rule 41(b). They cite to the four factors that a court must consider when determining whether to impose dismissal as a discovery sanction:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon v. CSX Transp.*, 110 F.3d 364, 366–67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153–55 (6th Cir. 1988)). They argue that an analysis of each of these four factors results in dismissal.

First, Plaintiffs assert that Defendant has not taken any action to indicate that he would comply with the Court's order, which demonstrates that Defendant's failure to cooperate in discovery has been willful. Instead, Plaintiffs point to the fact that Defendant has filed several motions and pleadings, which Plaintiffs characterize as "frivolous" because they make baseless assertions that Plaintiffs and their counsel have engaged in perjury. Plaintiffs assert that this behavior by Defendant shows that his failure to respond to discovery is clear evidence of bad faith.

Second, Plaintiffs allege that they have been prejudiced by Defendant's failure to respond to discovery requests because these seek information about Defendant's counterclaims. They assert that, without Defendant's responses, they cannot properly defend themselves from the accusations that Defendant makes in his counterclaims.

Third, Plaintiffs point to the Court's prior order (Docket No. 42) in which the Court reminded and warned Defendant that failure to comply with the Federal Rules of Civil Procedure,

7

the Local Rules of this Court, or this Court's orders could result in sanctions, including the dismissal of Defendant's counterclaims with prejudice. Accordingly, Plaintiffs argue that Defendant was aware that dismissal was a possible outcome for his failure to comply with the Court's order.

Fourth and finally, Plaintiffs argue that dismissal of Defendant's counterclaims would be the most appropriate sanction because Defendant has essentially "abandoned" his counterclaims. Plaintiffs do not directly address "whether less drastic sanctions were imposed or considered before dismissal was ordered," but seem to argue that less drastic sanctions would be pointless.

In his response to the motion to dismiss, Defendant provides the Court with many arguments related to the merits of his counterclaims, Plaintiffs' claims, and separate litigation between the parties in California. Defendant asserts the following: (1) Plaintiffs' allegations against Defendant are unwarranted; (2) Defendant has offered "more substantial" answers than Plaintiffs; (3) Plaintiffs are abusing the legal procedure to put Defendant in risk of violations; (4) Defendant is a "non-party without interest" in Plaintiffs' declarations; (5) Plaintiffs' failure to pay under the Policy "is an evidence rather than a claim"; and (6) Defendant's counterclaims will be replaced by new claims. (Docket No. 65.)

However, none of these arguments address whether dismissal of Defendant's counterclaims under Rule 37(b)(2)(A) or Rule 41(b) is appropriate. Defendant does not address whether he failed to comply with the Court's January 11, 2024 order directing him to revise certain written responses to discovery requests and directing him to produce documents by February 8, 2024. Defendant makes no indication that he supplemented his written responses or produced documents. He argues that he faces a "significant challenge" as an "out-of-state party" because mail delivery times between his residence in Georgia and the court in Tennessee "can take a week

8

Case 3:23-cv-00010    Document 82    Filed 05/13/24    Page 8 of 12 PageID #: 1057

each way." (*Id.* at 2.) The Court has previously stated that it is sympathetic to the challenges Defendant may face in adhering to certain deadlines due to his schedule and the time it takes to send and receive documents via U.S. mail. However, these challenges do not explain why Defendant has failed to provide Plaintiffs with discovery responses and documents, which can be sent via email rather than U.S. mail. Defendant has had nearly three months to comply with the Court's order but has failed to provide evidence to the Court that he made any attempts during that time to do so.

Further, Defendant does not address any of the four factors that a court must consider when determining whether to impose dismissal as a discovery sanction. *See Harmon*, 110 F.3d at 366–67. He does not address (1) whether his failure to comply was due to "willfulness, bad faith, or fault"; (2) whether Plaintiffs were prejudiced by his failure to cooperate in discovery; (3) whether he was warned that failure to cooperate could lead to dismissal; or (4) whether less drastic sanctions were imposed or considered before dismissal. As set forth above, the most relevant argument that Defendant makes is related to mail delivery times, but the Court accords this argument little weight when considering the four factors set forth above.

Based on the parties' arguments and the applicable law, the Court finds that dismissal of Defendant's counterclaims is appropriate under the factors set forth in *Harmon*. First, the Court finds that Defendant's failure to cooperate in discovery – that is, to comply with the Court's January 11, 2024 order by revising his responses to certain discovery requests and by producing documents – is due to willfulness, bad faith, or fault. The order was clear and Defendant did not object to it or move to review it. Nor did Defendant in his response give any explanation for his failure to comply.

9

Case 3:23-cv-00010   Document 82   Filed 05/13/24   Page 9 of 12 PageID #: 1058

Defendant has had several months to comply with the Court's discovery order but has made no attempt to do so. He has not contacted counsel for Plaintiffs to request an extension of time. Yet, as Plaintiffs point out, Defendant found time to file four motions between January 11, 2024, the date that the Court entered its discovery order (Docket No. 42), and April 2, 2024, the date that Defendant responded to the instant motion.[5] Defendant makes no argument that his failure to comply with the Court's discovery order was not due to willfulness, bad faith, or fault. The inescapable conclusion, then, is that Defendant's conduct was due, at least, to willfulness and fault.

Second, Defendant failed to provide information via discovery to support his counterclaims, which hinders Plaintiffs' ability to defend against those claims. The Court finds that Defendant's failure to cooperate in discovery is prejudicial to Plaintiffs and warrants dismissal.

Third, the Court finds that Defendant was amply warned of the possibility of dismissal of his counterclaims as a sanction for his failure to cooperate in discovery. The Court clearly set this out in its January 11, 2024 order. (Docket No. 42 at 15.) This factor therefore supports dismissal.

Fourth and finally, although less drastic sanctions have not been imposed, the Court finds that it nevertheless has the power to dismiss Defendant's counterclaims as the first and only sanction, solely on the basis of Defendant's neglect. *Harmon*, 110 F.3d at 368 ("We have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect . . . and, indeed, any such rule would conflict with . . . the plain language of Federal Rule of Civil Procedure 37(b)(2).") (citing *Buck v. U.S.*

---

[5] These motions include Defendant's motion to dismiss (Docket No. 49), motion to remove defendant (Docket No. 57), motion to stay or dismiss (Docket No. 58), and motion to file counterclaim (Docket No. 64). Defendant also filed a motion for summary judgment (Docket No. 62) but this was filed pursuant to the Court's previously entered scheduling order (Docket No. 38).

10

*Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608–09 (6th Cir. 1992); *Coston v. Detroit Edison Co.*, 789 F.2d 377, 378–79 (6th Cir. 1986) (per curiam)). Further, the Court finds that this sanction is proper considering Defendant's egregious failures to communicate with Plaintiffs' counsel regarding discovery responses or to provide such responses despite the Court's leniency in permitting Defendant ample time to do so and not awarding fees to Plaintiffs for Defendant's initial failure to comply. Given Defendant's conduct to-date, the Court finds that any lesser sanctions would have no impact.

In addition, it is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626 (1961). The imposition of sanctions and the type of sanctions imposed by the Court for failure to comply with the Court's orders and for failure to prosecute a case are matters within the sound discretion of the Court based on the facts of each particular case. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Based on this inherent power and considering Defendant's complete failure to comply with Court's January 11, 2024 order or to make any attempts to comply, the Court further finds that dismissal of Defendant's counterclaims is warranted under this separate, additional authority.

For these reasons, the Court finds that dismissal of Defendant's counterclaims is warranted as a discovery sanction pursuant to Rule 37(b)(2)(A) and Rule 41(b) of the Federal Rules of Civil Procedure, and under the factors set forth in *Harmon*, 110 F.3d at 366–67.

### III.  RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that (1) Defendant's motion to stay or dismiss (Docket No. 58) be **DENIED**, and (2) that Plaintiffs' motion to dismiss (Docket No. 59) be **GRANTED** and Defendant's counterclaims be **DISMISSED WITH PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge