IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) NO. 3:23-cv-00010 |
| v. | ) ) JUDGE RICHARDSON ) |
| SHENJI LIU. | ) ) |
| Defendant. | ) ) |

## **ORDER**

Pending before the Court[1] is a Report and Recommendation (Doc. No. 56, "R&R") filed on February 26, 2024, wherein the Magistrate Judge recommends that the Court deny Defendant's motion to dismiss (Doc. No. 49, "Motion to Dismiss"). The Magistrate Judge's recommendation was based on the fact the motion to dismiss was untimely, having been filed after the answer, and on the merits. On March 11, 2024, Defendant filed "Defendant's Motion to stay or dismiss Lancer's claim." (Doc. No. 58, "Motion to Stay or Dismiss"). Defendant did not file anything styled as objections to the R&R.[2]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored and filed the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by U.S. mail.

(E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* As there has been no timely objection, the Court adopts the Magistrate Judge's findings and recommendations.

The Motion to Stay or Dismiss was filed after the R&R was filed, and thus obviously could not have been (and thus was not) addressed in the R&R. Thus, to the extent that it actually was cognizable as a separate motion to dismiss, it is not implicated by this Order, which addresses only the R&R.[3] To the extent that the Motion to Stay or Dismiss could be construed instead as *purported* objections to the R&R (in which case they would be timely as filed within 14 days after the R&R was filed), the objections must be overruled on the grounds that they are clearly *inadequate* objections. The Motion to Stay or Dismiss does not clearly reference the R&R so as to state what portions of the R&R are objected to and what error(s) Plaintiff asserts exist(s) in the Magistrate Judge's reasoning in the R&R. Thus, even if construed as objections, the Motion to Stay or Dismiss fails to make objections with the required specificity, and therefore the objections must be overruled, the R&R adopted, and the Motion to Dismiss denied.

---

[3] There is another pending Report and Recommendation (Doc. No. 82), but that one is not within the scope of this Order.

For the foregoing reasons, the R&R (Doc. No. 56) is ADOPTED, and the Motion to Dismiss (Doc. No. 49) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE