IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) NO. 3:23-cv-00010 |
| v. | ) ) JUDGE RICHARDSON ) |
| SHENJI LIU, d/b/a Stone Buddha Transport. | ) ) ) ) |
| Defendant. | |

## ORDER

On May 21, 2024, Defendant (who is also a counter-plaintiff) filed an "objection" (Doc. No. 88, "Objection") to an order (Doc. No. 79, "Order") and report and recommendation (Doc. No. 82, "R&R") of the Magistrate Judge. Therein, Defendant also "objects" to the Magistrate Judge's orders at Doc. Nos. 42[1] and 55 and report and recommendation at Doc. Nos. 56, and seeks to "disqualify the judge." (Doc. No. 88 at 1).

Pursuant to Fed. R. Civ. P. 72(a), the court[2] may modify or set aside any part of a magistrate judge's order on a non-dispositive matter[3] that is clearly erroneous or is contrary to law. If it seeks

---

[1] In the Objection, Defendant refers to Doc. No. 47. The Magistrate Judge correctly noted that this was in error in that the correct reference was to Doc. No. 42. (Doc. No. 97 at 1 n.1).

[2] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who entered the orders and R&R implicated here. Likewise, "the court" generally refers to the presiding district judge in a case rather than the presiding magistrate judge in that case, though in places "the district judge" is used instead.

[3] A proper challenge to such an order (as opposed to a challenge to a *report and recommendation*) must be made in this Court via a "Motion for Review of Nondispositive Order of Magistrate Judge," M.D. Tenn. LR72.01(a), but the Court will overlook this technical deficiency here because Plaintiff is proceeding pro se.

to have the Court do this, "a party may serve and file objections to [such an] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cnty Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433, 2019 U.S. Dist. LEXIS 112291, 2019 WL 3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the magistrate judge and/or an assertion that the magistrate judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 U.S. Dist. LEXIS 163642, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary to law standard, a court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018).

"Within 14 days after being served with a copy of [a magistrate judge's report and recommendation regarding a dispositive pretrial matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* LR72.02(a). The district judge must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides

that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "A general objection to a report and recommendation is insufficient to preserve an issue for appeal; instead, a party must 'explain and cite specific portions of the report' the party objects to." *Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *7 (6th Cir. June 12, 2024) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)). "The consequence of a failure to object to a specific portion of the report and recommendation is waiver of review of th[e] issue" raised by the objection. *Derring v. McKee*, No. 1:04-CV-796, 2006 WL 416255, at *1 (W.D. Mich. Feb. 22, 2006) (citing three different Sixth Circuit opinions, albeit with the pinpoint cite to the first cited case off by one page).

As an initial matter, the Court notes that the Objection was filed on May 21, 2024. Even allowing three additional days for Defendant's pro se status on top of the normal fourteen-day window applicable to objections to orders as well as reports and recommendations of magistrate judges, an objection filed on May 21 could be timely only as to orders and reports and recommendations filed on or after May 4, 2021. Accordingly, to the extent that the Objection purports to challenge anything other than the Order and R&R, any such challenge is untimely and is rejected accordingly.[4]

As to the Order and R&R, Defendant in disgruntled fashion has recited a meandering and inaccurate history of the case with accusations of "fraud, misrepresentation, or other misconduct" on the part of Plaintiffs and of bias on behalf of the "judge" (seemingly referring primarily to the

---

[4] This applies to the Magistrate Judge's orders at Doc. Nos. 42 and 55 and report and recommendation at Doc. No. 56. Any challenges to Doc. Nos. 42 and 55 are rejected as untimely to the extent that such challenges conceivably could be said somehow to have survived the Magistrate Judge's order at Doc. No. 97 despite the Magistrate Judge having denied Plaintiff's request in the Objection to vacate those orders. (The report and recommendation at Doc. No. 56 was unaffected by the Magistrate Judge's order at Doc. No. 97).

Magistrate Judge but at certain times also the undersigned) that allegedly require recusal. Because the Objection mentioned so many filings and orders from throughout the case, the Magistrate Judge interpreted the Objection in part as a motion to vacate her orders at Doc. Nos. 42 and 55, a request she denied in her order at Doc. No. 97. The Court will not belabor what has been well explained by the Magistrate Judge, (*See* Doc. Nos. 79, 82, 97), but suffice it to say that there is no merit to Defendant's arguments for vacatur of any of the Magistrate Judge's orders, there is no merit to any objections to the R&R, and there is no basis for either judge to recuse himself or herself. The Court has reviewed the Order and R&R and can find no error.

A defendant's purported belief that a claim against him has no merit is not a basis for the Court to dismiss the claims against him, and a party's (in this case, a defendant/counter-plaintiff's) mere belief that an opposing party is at fault does not make that party liable for the claims against the party. If this was not so, the courts would be rendered meaningless. Allegations are not evidence, and allegations alone cannot sustain a claim. Claims must be substantiated with evidence—evidence that typically is brought to light in discovery. On this point, the Court emphasizes the words of the Magistrate Judge: "The Court has been lenient with Defendant because he is representing himself *pro se*, but the Court will not tolerate frivolous arguments that are made without any legal or factual basis." (Doc. No. 79 at 5).

The Objection (Doc. No. 88)[5] is DENIED with respect to the Order and OVERRULED with respect to the R&R. The R&R (Doc. No. 82) is ADOPTED, Defendant's motions at Doc.

---

[5] Consistent with a footnote above, the Court notes the Objection is rightly styled as containing *objections* with respect to the R&R but is, with respect to the Order, better understood as containing *arguments*, i.e., arguments in support of what should have been styled as a "Motion for Review of Nondispositive Order of Magistrate Judge." It is for this reason that the Magistrate Judge appropriately directed the Clerk to designate the Objection as a motion, which as far as the Court can tell has not happened yet.

Nos. 58 is DENIED, and Plaintiff's motion at Doc. No. 59 is GRANTED and Defendant's counterclaims are DISMISSED WITH PREJUDICE.

The Clerk is DIRECTED to designate the Objection as a motion if, as would appear to be the case, it is not currently so designated.

Defendant is admonished that continuation of meritless, vexatious, or procedurally improper filings could, depending on the circumstances, result in sanctions.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE