IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LANCER INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:23-cv-00010 |
| v. | ) ) | JUDGE CAMPBELL |
| SHENJI LIU, | ) ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) ) | |

# ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation on the parties' cross motions for summary judgment (Doc. Nos. 62, 70), which was filed on November 14, 2024. (Doc. No. 108). In the Report and Recommendation, the Magistrate Judge recommends that Plaintiffs' motion for summary judgment be granted and that Defendant's motion for summary judgment be denied. The Magistrate Judge also recommends that a declaratory judgment issue in favor of Plaintiffs.

Although the Report and Recommendation advised the parties that any objections must be filed within fourteen days of service, no objections were filed within that time. On February 11, 2025, Defendant filed a motion to vacate previous orders and review de novo (Doc. No. 117). In that motion, Defendant makes the following references to the Report and Recommendation:

> Knowing the existence of the above pending claims (genuine issue) in Lancer's Fact 29 and 33, the judge concluded that "Fifth, Plaintiffs have met their burden to establish that no issues exist" and "Sixth, Defendant has failed to show that a genuine issue of material fact exists" in court order for summary judgment (Docket No. 108)

> The judge intentionally misrepresented the four "facts," as "actually allegations". (Docket No. 108)

> In denying Liu's Summary Judgment (Docket No. 108), the judge stated "Defendant has failed to demonstrate that this alleged assertion by Plaintiffs is either 'evidence' or false.' " It is unbelievable that a judge can request to prove an evidence used to support the statutes of limitations is evidence.
>
> Shortly after disregarding the Memorandum of Law and Facts in Support of Lancer Owes Obligations (Docket No.76), the judge gave the Liu a warning: "the Court will not tolerate frivolous arguments that are made without any legal or factual basis." (Docket No.100) while the court always tolerates Lancer's four false Facts or the judge claimed "allegations" are made without any legal or factual basis in granting Lancer's summary judgment (Docket No. 108).
>
> The next day, the court granted Lancer's Summary Judgment (Docket No.108), despite knowing it was supported by false evidence.

(Doc. No. 117 at PageID # 1300, 1302, 1306, 1314). As an initial matter, the Court is under no obligation to consider untimely objections to the Report and Recommendation. *Dickson v. Green Dot Pub. Sch.*, No. 22-CV-2070, 2022 WL 3931462, at *3 (W.D. Tenn. Aug. 31, 2022) ("Ordinarily, a district court will not consider an untimely objection to a magistrate judge's report. *Nottingham v. Comm'r of Soc. Sec.*, No. 1:08-cv-157, 2009 WL 230131 at *2, 2009 U.S. Dist. LEXIS 6355 at *5 (W.D. Mich. Jan. 29, 2009) ('[T]he failure to file timely specific objections obviates ... all district-judge review.')"). Here, Defendant was given notice that he was required to file any objections within 14 days and that failure to object within that time period "can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation." (Doc. No. 108 at PageID # 1279). Defendant fails to provide any justification for his failure to timely object.

Moreover, Defendant failed to file any specific objection to the Magistrate Judge's Report and Recommendation. Instead, Defendant asserts general and vague allegations that have the same effect as failing to object at all. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby

making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report").

Here, Defendant fails to identify any specific legal or factual findings included in the Report and Recommendation that he contends were erroneous. "Objections which do not identify an error are meritless." *Parker v. Hankook Tire Mfg. Tennessee, LP,* No. 3:22-CV-00063, 2023 WL 2390672, at *1 (M.D. Tenn. 2023) (internal citations omitted); *Adams v. Yates Servs. Nissan*, No. 3:15-CV-00490, 2016 WL 2607028, at *1 (M.D. Tenn. May 6, 2016) (internal citation omitted) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Accordingly, to the extent Defendant intended the above references to the Report and Recommendation to be construed as objections, Defendant's objections are meritless.

The Court has reviewed the Report and Recommendation and concludes that it should be adopted and approved. Accordingly, Plaintiffs' motion for summary judgment (Doc. No. 70) is **GRANTED** and Defendant's motion for summary judgment (Doc. No. 62) is **DENIED**. It is further **ORDERED** that Plaintiffs are awarded a declaratory judgment that (1) Plaintiffs have no obligation under the insurance policy issued by Plaintiffs to Defendant (the "Policy") to provide any more compensation to Defendant than has already been provided under the Policy's "Physical Damage" coverage; (2) Plaintiffs have no obligation under the Policy to provide any more compensation to Defendant than has already been provided under the UM/UIM coverage; (3) Plaintiffs have no obligation under the Policy to provide any more compensation to Defendant

than has already been provided under any coverage form or endorsement or any other provision of the Policy; (4) Plaintiffs' cancellation of the Policy was in full compliance with Tennessee law; (5) Tennessee law applies to the Policy; and (6) Defendant is not entitled to any further compensation under the Policy.

Moreover, even if the Court liberally construes Defendant's motion to vacate previous orders and review de novo (Doc. No. 117) as a motion to reconsider, Defendant is not entitled to relief. While the Federal Rules of Civil Procedure fail to explicitly address motions to reconsider interlocutory orders, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Rodriguez*, 89 F. App'x at 959 (quoting *Citibank N.A. v. FDIC*, 857 F.Supp. 976, 981 (D.D.C.1994)) (internal brackets omitted). Courts traditionally will find justification for reconsidering interlocutory orders when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez*, 89 F. App'x at 959). This standard "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n.7. District courts reviewing motions to reconsider interlocutory rulings "at a minimum" require that there be some clear error in the court's prior decision or that the movant put forth an intervening controlling decision or newly discovered evidence not previously available. *Al-Sadoon v. FISI\*Madison Fin. Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002).

Defendant's motion does not persuade the Court that its previous Orders were clear error or result in manifest injustice. Nor has Defendant presented any newly discovered evidence or an intervening change in controlling law.

Because Defendant has not demonstrated a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice, the motion to vacate previous orders and review de novo (Doc. No. 117) is **DENIED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58, and the Clerk is directed to close the file.

It is so **ORDERED**.

                                                          WILLIAM L. CAMPBELL, JR.
                                                        CHIEF UNITED STATES DISTRICT JUDGE